### In re FRAZER et al.

#### (District Court, W. D. New York. February 19, 1915.)

1. BANKRUPTCY ☞309—PARTNERSHIP AND INDIVIDUAL LIABILITIES—PARTNER'S INDORSEMENT OF FIRM NOTES.

The holders of partnership notes, bearing a partner's individual indorsement, are entitled, where the firm and its members become bankrupt, to have the notes paid out of the individual assets of the indorsing partner, if the indorsement was for a present indebtedness, and not to effect a preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 555–564; Dec. Dig. ☞309.]

2. BANKRUPTCY ☞167—PREFERENCES—PARTNER'S INDORSEMENT OF FIRM'S NOTE—"TRANSFER."

Under Bankr. Act July 1, 1898, c. 541, § 60, 30 Stat. 562 (Comp. St. 1913, § 9644), providing that a person shall be deemed to have given a preference if, being insolvent, he has within four months before bankruptcy made a transfer of any of his property, the effect of which will be to enable a creditor to obtain a greater percentage of his debt than other creditors of the same class, where a partner who was not liable on the firm's notes indorsed its notes given in renewal thereof at the request of the payee, the firm being insolvent and the payee having reasonable cause to believe that a preference would be effected, the indorsement gave the payee a preference, the partner's individual estate being sufficient to pay all individual debts, in view of section 1 (25), defining a "transfer" as in-

cluding, not only the sale of property, but every other and different mode of disposing of or parting with property, or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift, or security.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 282; Dec. Dig. ☞167.

For other definitions, see Words and Phrases, First and Second Series, Transfer.]

**3. BANKRUPTCY ☞167—PREFERENCES—PERSONS WHO MAY RAISE QUESTION.**

Under Bankr. Act, § 5f, providing, relative to bankrupt partnerships, that the net proceeds of the partnership property shall be appropriated to the payment of partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts, and that, should any surplus remain of the property of any partner after paying his individual debts, it shall be added to the partnership assets and be applied to the payment of partnership debts, where a partner's individual estate was sufficient to pay all of his individual debts, the partnership creditors could raise the question that his indorsement of the firm's notes gave the payee thereof a preference, as the payment of such notes would deplete the surplus of the individual property to be added to the partnership assets.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 282; Dec. Dig. ☞167.]

In Bankruptcy. In the matter of James B. Frazer and others, bankrupts. On review of an order of the referee, rejecting a claim against the individual estate of Frazer. Order affirmed.

Wilbur B. Grandison, of Buffalo, N. Y., for trustee.

Charles D. Newton, of Geneseo, N. Y., for claimant.

HAZEL, District Judge. The referee rejected a claim for $4,000 filed with him by the petitioning creditor, arising out of certain promissory notes made by the bankrupt firm of Frazer, Green & Leadingham, and indorsed by James B. Frazer, one of the partners, individually. Both the partnership and the individuals were adjudicated bankrupts, and the claim herein was filed against the individual assets of Frazer. The holding of the referee was that the claim was provable only as an unsecured claim against the partnership, and the question certified for review is whether the indorsement of the partnership note by Frazer amounted to a preferential payment or transfer of property, the effect of which would be to enable the said creditor to obtain a greater percentage of his debt than would be received by any other creditor of the same class.

It appears that the petitioning creditor had frequently loaned money to the bankrupt firm on its accounts receivable, and had been accustomed to return those uncollectible to the copartnership at periodic times, usually about December 1st of each year, taking the notes of the firm for the difference. This practice continued for five or six years. In the autumn of 1912, the petitioning creditor was informed by the Geneseo National Bank of Geneseo that the bank would no longer accept the obligations or notes of the copartnership, which the petitioning creditor customarily discounted at such bank, without the individual indorsement of Frazer; and afterwards, when several partnership notes became due, the petitioning creditor refused to renew

them without such indorsement, which Frazer then gave. There was evidence to show the insolvency of the firm at this time, and the petitioning creditor's knowledge of insolvency. Indeed, the evidence is sufficient to warrant the belief that Frazer's indorsement was required because of such knowledge. The provision of the Bankruptcy Act to the effect that the assets of the bankrupt firm must first be applied to the payment of the firm debts, and the individual assets to the payment of the individual debts, applies whenever a partnership and individual partners are adjudicated bankrupt. Any surplus of the individual assets remaining after the payment of the individual debts shall be added to the partnership assets and used for the payment of partnership debts, and vice versa. Section 5 f.

[1-3] There can be no doubt that holders of partnership notes bearing a partner's individual indorsement are entitled to have them paid out of the individual assets of the indorsing partner, if such security was for a present indebtedness and was not given to effect a preference. In this case Frazer was not individually liable on the renewal notes, and he only indorsed them at the request of the petitioning creditor, who, as the evidence shows, knew that the insolvency of the firm was imminent, and had reasonable cause to believe that the effect of the indorsement would be to constitute a preference. The contention that none but Frazer's individual creditors are in a position to raise the question of preference is untenable, as the result of such preference would be a depletion of the individual assets by $4,000, and a consequent depletion of the surplus to be added to the partnership assets.

The suggestion that the indorsement of the renewal notes was not in violation of section 60 of the Bankruptcy Act, as it did not constitute a transfer of property, is without force, for by section 1 (25) of the Bankruptcy Act the word "transfer" is defined as including, not only the sale of property, but "every other and different mode of disposing of or parting with property, or the possession of property, absolutely or conditionally, as a payment, pledge, mortgage, gift or security"; and in Pirie v. Chicago Title & Trust Co., 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171, the Supreme Court, in construing such subsection, holds that a transfer of property "includes the giving or conveying anything of value—anything which has debt-paying or debt-securing power." The individual partner Frazer was believed at the time of the indorsement to be solvent, and, as a surplus will remain after the payment of his individual debts, the individual and partnership estates should be marshaled, to the end that preferences may be prevented. Section 5 g. Under the circumstances of this case, I am of the opinion that payment of the notes in question from the individual assets would operate as a preference.

In re Jones & Cook (D. C.) 4 Am. Bankr. Rep. 141, 100 Fed. 781, a case wherein partnership assets were held subject to individual liabilities, the principle covering transactions like the one here in controversy is well discussed. It is there said that any scheme or device resorted to by persons in contemplation of bankruptcy for the purpose of charging the partnership assets with individual obligations of the partners is a violation of the provision of the Bankruptcy Act,

and this principle applies equally, I think, to a scheme or device resorted to by a creditor for the purpose of charging the individual assets of a partner with the copartnership liabilities.

For the foregoing reasons, the claim of the petitioning creditor against the individual assets of the bankrupt James B. Frazer is disallowed, and the order of the referee is affirmed.